UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
JOHN R. DURSO, et. al.,

                Plaintiffs,

-against-

CAPPY'S FOOD EMPORIUM, LTD.,

                Defendant.
-----------------------------------------------------------X

MEMORANDUM AND
ORDER

CV 05-3498

(Wexler, J.)

APPEARANCES:

    FRIEDMAN & WOLF ESQS.
    BY: NATHAN V. BISHOP, ESQ.
    1500 Broadway Suite 2300
    New York, New York 10036
    Attorneys for Plaintiffs

    JOSEPH D. MIRABELLA, ESQ.
    1235 Montauk Highway
    Mastic, New York 11950
    Attorney for Defendant

WEXLER, District Judge

    This is an action brought pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"). The action was commenced by Plaintiffs in their capacities as Trustees and Fiduciaries of the Local 338 RWDSU/UFCW ("Local 338") Health and Welfare and Retirement Funds (the "Trustees" or the "Plaintiffs"). Defendant is Cappy's Food Emporium, Inc. ("Cappy's" or "Defendant"). Plaintiffs commenced this action pursuant to 29 U.S.C. §§ 1132 and 1145 to recover payments allegedly due by Cappy's to the funds administered by the

1

Trustees. Presently before the court are the parties' cross-motions for summary judgment.

## BACKGROUND

I. <u>The Parties and The Allegations of the Complaint</u>

The Funds are maintained for the purpose of collecting and receiving contributions and providing benefits to participants. The Funds are employee benefit plans that are governed by ERISA. <u>See</u> 29 U.S.C. § 1002(21)(A).

Cappy's is a corporation that was a party to collective bargaining agreement ("CBA") covering the period of time from January 6, 2002 through November 2, 2006. The CBA obligated Cappy's to make payments to the Funds in specified monthly amounts based upon the number of employees engaged in employment covered by the CBA. The CBA defines clearly the categories of full and part-time employees upon whose behalf payments were to be made.

Plaintiffs' complaint seeks payments to the Funds based upon an audit performed on Cappy's books and records indicating that contributions were not made on behalf of certain covered employees. Cappy's is alleged to owe to the Funds contributions in the principle amount of approximately $11,000. The fund also seeks per diem interest as well as payment of audit expenses and attorneys' fees.

II. <u>The Motions</u>

Plaintiffs move for summary judgment on their claim of unpaid contributions. Essentially, it is argued that the audit before the court indicates, without factual question, the Funds' entitlement to the amount sought in the complaint.

Defendant does not oppose the accuracy of Plaintiffs' audit. Instead, Defendant opposes the motion on the grounds: (1) that this matter should be arbitrated; (2) that this action is moot

because Cappy's is no longer doing business and (3) that it is entitled to an offset in the amount of wrongful payments made to the Funds for employees who were not in covered employment, as defined by the CBA, during the relevant time period.

After outlining relevant legal principals, the court will turn to the merits of the motion.

## DISCUSSION

I. The CBA Arbitration Clause Does Not Bar This Action

The Supreme Court has long held that an arbitration clause in a collective bargaining agreement between a union and its employer does not bar an ERISA plan trustee from seeking judicial enforcement of trust provisions for contribution of employee benefit payments. See Schneider Moving & Storage Co. v. Prosser's Moving and Storage Co., 466 U.S. 364, 376 (1984). Instead, where, as here, the arbitration clause binds only the employer and the union, the trustees are not required to submit claims for unpaid contributions to arbitration. See O'Hare v. General Marine Transport Corp., 740 F.2d 160, 168 (2d Cir. 1984). In light of the foregoing, the court rejects Cappy's argument that Plaintiffs here were bound to have the claims for contribution heard in arbitration instead of this judicial forum. The court therefore turns to consider the merits of the parties' claims.

II. The Claim May Be Pursued Despite Cappy's Dissolution

Rule 17(b) of the Federal Rules of Civil Procedure provides that the capacity of a corporation to be sued is governed by the law under which the corporation was organized. Fed. R. Civ. P. 17(b). Cappy's is a corporation organized pursuant to the laws of the State of New York. New York law provides that a dissolved corporation remains liable for claims that arose against it prior to its dissolution. See N.Y. Bus. Corp. L. §1006(a)(4) and (b). Thus, while

Cappy's may not ultimately be able to satisfy a judgment, that fact does not preclude Plaintiffs from pursuing the claims asserted here. The court therefore rejects Defendant's argument that dissolution of Cappy's moots this action.

III. <u>Plaintiffs' Motion For Summary Judgment</u>

In support of their motion for summary judgment on the amount of contributions owed, Plaintiffs have submitted the report of an audit performed on Defendant's books and records. This audit reveals that Cappy's failed to make proper payments on behalf of certain individuals who worked in covered employment under the CBA. Cappy's makes no substantive argument as to the accuracy of the audit. Under these circumstances, the court holds that no question of fact exists and the Funds are entitled to summary judgment on their claim of amounts due. Accordingly, the Plaintiffs' motion for summary judgment is granted.

IV. <u>Defendants' Entitlement To Offset</u>

Defendant indicates that payments were made to the Funds on behalf of individuals who were not employed by Cappy's. Accordingly, Defendant seeks an offset in any amount determined to be due to the Funds in the amount of such payments.

ERISA is clear in its mandate that the assets of an ERISA plan shall "never inure to the benefit of any employer." 29 U.S.C. §1103(c)(1). Relying on this doctrine, the Second Circuit has held that while ERISA allows a plan to refund an overpayment, such refunds are not required, but only made in accordance with the refund policy of the plan. <u>Brown v. Health and Retirement Corp. of America</u>, 25 F.3d 90, 94 (2d Cir. 1994); <u>see</u> 29 U.S.C. §1103(c)(2)(A)(ii) (plan is not prohibited from returning contributions made by a mistake of fact or law). In cases where an employer seeks either a refund or an offset in payments found to be due, the Second

4

Circuit has held that the employer must show: (1) that the refund policy of the plan was arbitrary and capricious; (2) that the equities favor restitution and (3) the effect of the claimed setoff on individual beneficiaries to whom the fund may have discharged financial responsibilities by reason of the overpayment. Brown, 25 F.3d at 94.

Brown was decided by the Second Circuit in the context of a grant of summary judgment to the plan and is directly on point. There, the Second Circuit affirmed the district court's grant of summary judgment to the fund on its claim for payments due. The court further affirmed the district court's refusal to set off the amount awarded to the plan by the employer's claimed overpayment. Denying that a question of fact existed as to the employer's entitlement to offset, the Second Circuit held that a "mere conclusory" statement of an entitlement to refund due to overpayment was insufficient to require remand for the district court to consider the offset issue. Id. at 94.

Application of Brown requires the court here to determine whether Defendant has made a sufficient showing to create an issue of fact as to whether the refund policy of the Funds was arbitrary and capricious and whether the equities favor setoff. In this regard, Defendant has submitted affidavit testimony indicating that the payments for which it seeks setoff were made in accordance with remittance reports listing individuals who never worked for Cappy's. Defendant alleges that it immediately pointed out the problem on these fund-generated reports but was told "not to worry," and to continue to make payments. These facts, in addition to the fact that no evidence has been presented to the court as to the nature of the Funds' refund policy, leaves this court in no position to determine whether Cappy's is entitled to setoff. In particular, the court is unable to make a determination as to whether the Plan refund policy is arbitrary and capricious.

The court is aware of the high nature of proof that <u>Brown</u> requires to support Defendant's claim, nonetheless, the court holds that a questions of fact exist, precluding summary judgment as to any claim of setoff.

## CONCLUSION

Plaintiffs' motion for summary judgment is granted. In accordance with ERISA and the Trust Agreements, Plaintiffs are also entitled to recover interest on the unpaid contributions at the rate of 1.5% per month, plus the greater of additional interest or liquidated damages in the amount of 20% of unpaid contributions. Plaintiffs are also entitled to an award of reasonable auditors fees and attorneys' fees and costs. Plaintiffs are directed to submit a proposed judgment reflecting the opinion of this court as to unpaid contributions, interest and auditor fees. After entry of judgment, Plaintiffs may submit their application for attorney's fees and costs pursuant to 29 U.S.C. § 1132(g)(2)(D) and Rule 54(d) of the Federal Rules of Civil Procedure. In accord with the holding that questions of fact exist, the court makes no determination, at this time, as to any entitlement of Cappy's to a setoff.

SO ORDERED.

                                             LEONARD D. WEXLER
                                             UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
       December 14, 2006